MILLS, Respondent, vs. THE NATIONAL FIRE INSURANCE COMPANY, Appellant.

*September 12 — October 2, 1894.*

*Change of venue.*

The circuit court upon its own motion can change the venue of an action only in the cases mentioned in sec. 2623, R. S.; and the facts must appear from the record.

Mills vs. The National Fire Ins. Co.

APPEAL from the Circuit Court for *Chippewa* County.

It appears from the record that this action was commenced in the circuit court for Eau Claire county, and issue was joined therein August 2, 1890; that February 8, 1892, the parties, by their respective attorneys, stipulated in open court that the presiding judge might call in another judge to try the cause, with a jury to be impaneled therein, unless the action should be continued for cause; that February 23, 1892, that stipulation was filed of record in the cause; that September 21, 1893, the cause being on the calendar and then for trial, the court ordered that the same be transferred to the county of Chippewa for trial, as provided by law, and that order was entered therein and recited that the defendant's attorney had objected to the cause being tried by the presiding judge, because of the entry of the stipulation so on file; that September 22, 1893, the record was filed and entered in the circuit court for Chippewa county; that April 3, 1893, the circuit court for Chippewa county refused to strike the cause from the calendar; that on the same day the term of the circuit court for Chippewa county was, by consent of all of the attorneys, continued, the term including the cause in question; that May 1, 1894, the defendant's attorney moved the court, upon due notice to the plaintiff, and upon the records in the cause, and upon an affidavit duly served, to remove the action for hearing and trial to the circuit court for Eau Claire county, for the reason that the action was never legally or properly removed therefrom, and could not be legally tried in Chippewa county. From an order denying that motion the defendant appeals.

The cause was submitted for the appellant on the brief of *V. W. James*, and for the respondent on that of *J. F. Ellis.*

For the respondent it was contended, *inter alia*, that it must be assumed from the record that the removal from

Eau Claire county was for one or more of the causes desig-
nated in sec. 2622, R. S.   The presiding judge must have
had reason to believe that an impartial trial could not be
had therein while he presided, or that the ends of justice
would be promoted by the change,— the removal in either
case being at the discretion of the court, provided the facts
upon which the removal was founded were satisfactory to
him.   *Lego v. Shaw*, 38 Wis. 401; *Church v. Milwaukee*, 31
id. 512.   The matter warranting the change may be within
his own knowledge.   *Schattschneider v. Johnson*, 39 Wis.
387; *Jackman Will Case*, 27 id. 409.   And where an order
is made on the above grounds it must be assumed that the
court was satisfied of the existence of the cause for the re-
moval.   *Giese v. Schultz*, 60 Wis. 449.   It is sufficient if
the court is satisfied that a cause for change exists to pro-
mote the ends of justice, and no petition or affidavit is
required by statute or rule of court.   *Cartright v. Belmont*,
58 Wis. 370.   See, also, *Challoner v. Boyington*, 86 id. 217;
*Postel v. Weinhagen*, id. 302; *Maher v. Davis & Starr L. Co.*
id. 530.

CASSQDAY, J.   The change of venue in pending actions is
a matter regulated entirely by statute.   The statute pro-
vides that " whenever the judge is a party, or interested in
the matter in controversy, in any action pending before
him, or is related to, or has been of counsel for either party,
the court, or the presiding judge thereof, shall, upon appli-
cation of either party, *and may without such application*,
change the place of trial of such action."   R. S. sec. 2623.
It appears from the record that the order changing the
venue from Eau Claire county to Chippewa county was
made by the presiding judge on his own motion, and with-
out the knowledge or consent of the defendant's attorney.
The record fails to show that the presiding judge was a
party, or interested in the controversy, or was related to

either of the parties, or had been of counsel in the case for either of the parties. This being so, he manifestly had no authority to make the order changing the venue to Chippewa county, as he did.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause is remanded with direction to change the venue back to Eau Claire county.

